Hickman," is the application. Where is the location by the surveyor? This is not in evidence. Where is the plat of the survey? This is not in evidence. Where is the notice of the surveyor to the recorder, designating the tract located, and the claimant? This is not in evidence either. The plaintiffs' right to recover, then, rests upon the naked application of Hickman to locate. If we had the notice of the surveyor to the recorder, it might then be presumed that all the preceding steps necessary in making the location had been taken; but on the mere application of Hickman to locate, it ought not to be presumed that all the subsequent steps necessary to make the location had been taken. This might be presuming the very thing which the officers refused to do. The surveyor may have decided at the very threshold that Hickman had no right to locate. The surveyor was not bound to make a location for every man who applied for one. He was not even authorized to do so, except when the claimant showed himself entitled to a location according to the provisions of the act of Congress. It might well have become the surveyor's duty to reject applications made without authority to locate.

I am of opinion, then, that this instrument was not a "New Madrid location;" that there was no evidence to support the plaintiffs' action; that the court erred in refusing the above instruction; and that the judgment of the circuit court ought to be reversed and remanded.

---

### TINDALL v. JOHNSON.

*Wilson,* for appellant:

The questions raised by the record, and yet undisposed of, are as follows:

There is evidence given, conducing to show that the grantee, or those claiming under him, made no relinquishment of the land in New Madrid to the United States, for the injury of which the certificates were granted, and therefore we insist:

1. That this is a condition precedent to the vesting of the right to the land located, and must be proved, in the first instance, by the plaintiff, before he can recover—see 5 Cond. Rep. 672, also 28; 2 Cond. Rep. 154.

2. That, if that is not the case, then in this case, the

defendant having given evidence conducing to show there was no such relinquishment, the plaintiff cannot recover.

3. That the plaintiff must show that the injured land had been conveyed to the United States by deed.

4. We also insist, that unless the certificates were granted at the instance, and by the consent of the grantee, or those claiming under him, and having given evidence conducing to show there was no consent, we therefore insist that the plaintiff cannot recover.

5. That the court erred in telling the jury there was evidence of such consent, and that the conveyance of the heirs, since the grant and location, shows their consent.

*Leonard*, for appellee:

The assignment of errors draws in question the legality of the copies from the surveyor general's office, as evidence of themselves of the legitimacy of the plaintiff and the validity of his title.

The questions involved in this case are the same with those involved in Wear and Hickman v. Bryant, now before the court. The points relied on in support of this judgment, will therefore only be stated, and the court is referred to the authorities and observations cited in the other case.

First. The certified copies from the surveyor general's office are, under our statute, evidence *per se.*

Second. A marriage between a white person and a mulatto was not void by our law until the statute of 1835; and, therefore, the instruction moved by the defendant, that declared the plaintiff illegitimate on that ground, was rightly refused.

Third. The plaintiff gave in evidence a valid title to the possession of an undivided moiety of the land in controversy. In support of this position, it is insisted:

1. The legal right conferred by the certificate to appropriate to private use the quantity of land designated, is vested by that instrument in whoever was the owner of the injured land, whether that person was the confirmee himself, or his heir, or the assignee in fact of his title.

2. The right to the land located following the right to the certificate by which the appropriation is made, vests in the same person, no matter by whom the location may be made.

3. And this title, although not a legal title at common

law, is sufficient under our statute to support a recovery in ejectment.

TOMPKINS, Judge, delivered the opinion of the court.

The decision of the case of Wear and Hickman v. Bryant governs this case, the poinsts of law arising in both cases being similar.

Tindall
v.
Johnson.